IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS,             ) | |
|     ) | |
|   Plaintiff,   ) | |
|     ) | CIVIL ACTION NO. |
| v.                        ) | 3:08cv569-MHT |
|     ) | (WO) |
| STATE OF ALABAMA,         ) | |
|     ) | |
|   Defendant.   ) | |

OPINION

The court now has before it the motion to proceed *in forma pauperis* filed by plaintiff Gene Coggins.

It is well-established that a two-step procedure should be followed in processing a *pro se* complaint filed *in forma pauperis*.

> "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under [28 U.S.C. §] 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees. Second, once leave has been granted, [28 U.S.C. §] 1915(d) allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the

>       defendant the inconvenience and expense
>       of answering a frivolous complaint."

Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1981) (per curiam).* See also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985). The motion filed by Coggins satisfies the economic eligibility criterion of 28 U.S.C. § 1915(a). Accordingly, the case may be filed without prepayment of fees.

In his complaint, Coggins alleges civil rights violations against defendant State of Alabama. However, the State of Alabama is immune from suit. See Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) ("[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies."); see also Quern v. Jordan, 440 U.S. 332, 337 (1979); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

---

    *   In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Accordingly, Coggins's complaint is dismissed before service on the State of Alabama pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). See <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992).

An appropriate judgment will be entered.

DONE, this the 21st day of July, 2008.

                                                  <u>/s/ Myron H. Thompson</u>
                                            **UNITED STATES DISTRICT JUDGE**